**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants Marshall and Carole Barlas

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Victor Dalfio**, an individual<br><br>*Plaintiff*,<br><br>v.<br><br>**MARSHALL BARLAS**, Trustee of the Marshall and Carole Barlas Trust; **CAROLE BARLAS**, Trustee of the Marshall and Carole Barlas Trust; and DOES 1-10,<br><br>*Defendant*. | Case No. 3:21-cv-01699-L-AHG<br><br>**DECLARATION OF CRAIG LOBNOW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**<br><br>Honorable M. James Lorenz<br><br>Edward J. Schwartz United States Courthouse<br>United States Courthouse<br>221 West Broadway<br>San Diego, CA 92101<br><br>Date: November 29, 2021<br>Time: 10:30 a.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

## DECLARATION OF CRAIG LOBNOW

I, Craig Lobnow, declare:

1. All the statements contained herein are made and based on my personal knowledge and if called as a witness I could and would testify competently thereto.

2. I am a California state Certified Access Specialist (CASp #634), the principal consultant for ProCASp, and have over 25 years of construction

1. management and inspection experience.

3. I am familiar with Plaintiff's claims in the above captioned matter and have reviewed the Complaint filed in the action.

4. On October 25, 2021, I personally conducted an inspection of the property located at 1501 Rosecrans Street, San Diego, CA 92106 ("**Property**") on which is located a Winchell's ("**Restaurant**").

5. I prepared a report of my inspection and findings, a true copy of which is submitted with this declaration as **Exhibit 1**.

6. I personally took the measurements and photographs reflected and/or referenced in the report.

7. Based upon my inspection, I conclude the elements of the Property targeted by Plaintiff's Complaint are compliant under the current federal and applicable state standards.

**A.   Exterior Route of Travel (Complaint, ¶20 at 6:2-12); Accessible Route of Travel (Complaint, ¶20 at 6:14-7:12); Path of travel into building entrances (Complaint, ¶20 at 8:17-27); Route/path of travel – cross slopes (Complaint, ¶20 at 9:2-15); Abrupt changes in level; uneven ground surface (Complaint, ¶20 at 9:17-11:4) - Compliant**

8. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 6:2-12, 6:14-7:12, 8:17-27, 9:2-15, and 9:17-11:4.

9. The current applicable provision of the ADA Standards ("ADAS") is 2010 ADAS 206.2.1 that states, "At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

10. Under the CBC, Section 216.6, directional signage at an accessible route is only required "at junctions when the accessible route diverges from the regular circulation paths".

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - Lobnow Decl iso 12b           2
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

11. Per the California Access Compliance Advisory Reference Manual (issued by the State of California)... "Advisory 11B-216.6 Entrances. Directional signs are needed where the accessible route diverges from the route for the general public and should be located at decision points (for example where the path to the stairs diverges from the path to an elevator or ramp). Directional signs are not needed where paths are equal and/or readily apparent".

12. There is an accessible route of travel from the public way. This walkway for the center immediately adjoins the city sidewalk. There are no changes in elevation, and there are no running slopes in excess of 5% or cross slopes in excess of 2%. The concrete is in excellent condition.

13. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 1.

14. The access aisle is located on an accessible route of travel to the accessible building entrance. The concrete is in excellent condition, and there are no excessive running or cross slopes. The distance from the access aisle to the entrance of Winchell's is 62 inches.

15. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 2.

16. On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS.

**B.  Directional signage (Complaint, ¶20 at 7:14-24) - Compliant**

17. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 7:14-24.

18. Section 216.6 of the ADAS states that signage is only required on an entrance if not all entrances are accessible. In the case of Winchell's, I observed there to be only one entrance that is accessible. Therefore, there is no requirement that there be a sign at the entrance. However, there is a sign at the entrance.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

03 - Lobnow Decl iso 12b

3

LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

19. Directional Signage - Section 216.6 requires that directional signage be placed at entrances that are not compliant showing the route to the accessible entrance. There is only one entrance to Winchell's and it is compliant. There are no inaccessible entrances at Winchell's to place a directional sign.

20. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 3.

21. On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS.

**C.  Off-street unauthorized parking sign – not posted (Complaint, ¶20 at 8:1-14) – STATE CLAIM ONLY – Compliant**

22. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 8:1-14.

23. The 2019 CBC 11B (CA 7/1/21) Section 11B-502.8 provides: "An additional sign shall be posted either; 1) in a conspicuous place at each entrance to an off-street parking facility or 2) immediately adjacent to on-site accessible parking and visible from each parking space."

24. The towaway sign required under the California Building Code (CBC) is in place. All lettering is at least 1 inch in height.

25. On the basis of the foregoing, Lobnow concluded that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2019 CBC.

26. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 4.

27. On the basis of the foregoing, Lobnow concluded that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2019 California Building Code.

**D.  Faded paint – accessible parking space lines (Complaint, ¶20 at 11:5-**

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

03 - Lobnow Decl iso 12b    4
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

**21); Width of adjacent access aisle (Complaint, ¶20 at 11:24-12:8); Slopes of adjacent access aisle (Complaint, ¶20 at 12:11-18); No loading/unloading access aisle (Complaint, ¶20 at 12:21-13:13); Parking space ground surface signage (Complaint, ¶20 at 13:16-14:9); "NO PARKING" – ground surface signage (Complaint, ¶20 at 14:12-25); Access aisle adjoining accessible route (Complaint, ¶20 at 14:12-25); Access aisle adjoining accessible route (Complaint, ¶20 at 15:1-17); Changes in level – designated disabled parking space (Complaint, ¶20 at 15:20-16:4) - Compliant**

28. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 11:5-21, 11:24-12:8, 12:11-18, 12:21-13:13, 13:16-14:9, 14:12-25, 14:12-25, 15:1-17, and 15:20-16:4.

29. I inspected the accessible parking space, including the access aisle, signage, and transition to accessible paths of travel. The accessible parking stall and access aisle have been found to be in compliance with accessibility codes, standards, and regulations in regard to markings, dimensions, signage, and slope (cross and running).

30. I found the width of the access aisle to be 9 feet, 4 inches, greater than the 8 foot minimum requirement.

31. The parking stall was 9 feet wide.

32. Both the parking stall and access aisle were 18 feet long.

33. The "NO PARKING" lettering was twelve inches in height.

34. The ISA symbol at the base of the accessible parking space was not less than 36 inches squared.

35. The slope of the accessible parking space was between 0.4% and 0.7%, less than the maximum 2.0%. The cross-slope was between 0.1% and 0.4%, less than the maximum 2.0%.

36. The slope of the access aisle was between 0.7% and 0.8%; the cross-slope was between 1.6 and 0.1%, all less than the 2.0% maximum.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - Lobnow Decl iso 12b      5
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

37. The signage at the head of the accessible parking space was correctly positioned.

38. I observed the concrete to be in excellent condition, with no changes in elevation in excess of ¼ inch (1/2 inch if beveled).

39. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 5.

40. On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS and 2019 California Building Code.

**E.   Excess slopes; no compliant ramp (Complaint, ¶20 at 16:5-18); Minimum width of ramps (Complaint, ¶20 at 16:21-17:8); Least possible slope of ramp (Complaint, ¶20 at 17:10-16) – Not intended as an accessible path of travel**

41. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 16:5-18, 16:21-17:8, and 17:10-16.

42. The ramp identified by Plaintiff in his complaint is not intended to be an accessible ramp. Signage at the landing of that ramp and at other locations clearly indicate the location of the accessible path of travel from the public right of way to the property. There is only a requirement for one path of travel.

43. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 1.

44. On the basis of the foregoing, I conclude that the conditions of the property identified by Plaintiff in his complaint relating to the ramp are not required to meet accessibility standards because they are intended to be an accessible feature and are so indicated by posted signage.

**F.   Front door entrance threshold and weather strip changes in level (Complaint, ¶20 at 17:18-18:4) - Compliant**

45. I am familiar with the claims made by Plaintiff in the complaint, ¶20

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

03 - Lobnow Decl iso 12b     6
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

at 17:18-18:4.

46. 2019 CBC 11B (CA 7/1/21) Section 11B-404.2.5 provides, "Thresholds, if provided at doorways, shall be 1/2 inch (12.7 mm) high maximum. Raised thresholds and changes in level at doorways shall comply with Sections 11B-302 and 11B-303." 2010 ADAS Section 404.2.5 provides, "Thresholds, if provided at doorways, shall be 1/2 inch (13 mm) high maximum. Raised thresholds and changes in level at doorways shall comply with 302 and 303."

47. I measured the threshold that did not have a change in elevation in excess of 1/4 inch (1/2 inch if beveled).

48. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 6.

49. On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS.

**G.  Sanitary facilities – door signage (Complaint, ¶20 at 18:12-14) - Compliant**

50. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 18:12-14.

51. 2010 ADAS Section 216.2 provides, "Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5."

52. 2019 CBC 11B-703.7.2.6.3 provides, "A circle, 1/4 inch (6.4 mm) thick and 12 inches (305 mm) in diameter with a 114 inch (6.4 mm) thick triangle with a vertex pointing upward, superimposed on and geometrically inscribed within the circle and within the 12-inch (305 mm) diameter, shall be provided at entrances to unisex toilet and bathing facilities. The vertices of the triangle shall be

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

03 - Lobnow Decl iso 12b                7
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

located 1/4 inch (6.4 mm) maximum from the edge of the circle. The triangle symbol shall contrast with the circle symbol, either light on a dark background or dark on a light background. The circle symbol shall contrast with the door, either light on a dark background or dark on a light background."

53. I inspected the restroom facilities at the Winchell's and found there to be compliant wall signage identifying the restroom at Winchell's.

54. The foregoing observations are set forth in my report (Exhibit 1) and Finding 7.

55. I also observed there to be a compliant geometric door sign identifying the restroom at Winchell's.

56. The foregoing observations are set forth in my report (Exhibit 1) and Finding 8.

57. On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS.

**H.     Toilet paper dispenser (Complaint, ¶20 at 18:17-23) - Compliant**

58. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 18:17-23.

59. 2010 ADAS Section 604.7 provides, "Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and 9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser. The outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow."

60. I measured the placement of the toilet paper dispenser and found it to be installed within the compliant range in front of the toilet.

61. The foregoing observations and measurements are set forth in my

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

03 - Lobnow Decl iso 12b                   8
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

report (Exhibit 1) and Finding 9.

62. On the basis of the foregoing, I conclude that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS.

**I.    Rear Grab Bar (Complaint, ¶20 at 18:25-19:1) - Compliant**

63. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 18:25-19:1.

64. 2010 ADAS Section 609.4 provides, "Grab bars shall be installed in a horizontal position, 33 inches (840 mm) minimum and 36 inches (915 mm) maximum above the finish floor measured to the top of the gripping surface, except that at water closets for children's use complying with 604.9, grab bars shall be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finish floor measured to the top of the gripping surface."

65. I measured the location of the grab bar and found it to be located correctly. There is sufficient clearance above the toilet tank lid (1 1/2 inch minimum required) and it is within the required mounting height requirements.

66. The foregoing observations and measurements are set forth in my report (Exhibit 1) and Finding 10.

67. On the basis of the foregoing, Lobnow concluded that the conditions of the property related to these claims meet the requirements of the applicable provisions of the 2010 ADAS.

**J.    Restroom door closing speed (Complaint, ¶20 at 19:5-13) - Compliant**

68. I am familiar with the claims made by Plaintiff in the complaint, ¶20 at 19:5-13.

69. 2010 ADAS Section 404.2.8.1 provides, "Door closers and gate closers shall be adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is 5 seconds

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

03 - Lobnow Decl iso 12b   9
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

1  minimum."

2      70.   I visually inspected the doorway and found there to be no door closer
3  on the restroom door, which makes the door closing speed non-applicable.

4      71.   The foregoing observations and measurements are set forth in my
5  report (Exhibit 1) and Finding 11.

6      72.   On the basis of the foregoing, I conclude that the conditions of the
7  property related to these claims meet the requirements of the applicable provisions
8  of the 2010 ADAS.

10  I declare under penalty of perjury under the laws of the United States of
11  America that the foregoing is true and correct and that this declaration is executed
12  on October 29, 2021 at Murietta, California.

15  *Craig A Lobnow*
    Craig A Lobnow (Oct 29, 2021 11:05 PDT)
16                 Craig Lobnow

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

03 - Lobnow Decl iso 12b      10
LOBNOW DECL. ISO DEFENDANTS' MOTION TO DISMISS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On November 1, 2021, I served the foregoing document described as: **DECLARATION OF CRAIG LOBNOW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)** thereon on all interested parties in this action as follows:

| | |
|---|---|
| Anoush Hakimi<br>anoush@handslawgroup.com<br>Peter Shahriari<br>peter@handslawgroup.com<br>Laura Steven<br>laura@handslawgroup.com<br>THE LAW OFFICE OF HAKIMI & SHAHRIARI<br>1800 Vine Street<br>Los Angeles, CA 90028<br>Telephone: (888) 635-2250<br>Facsimile: (213) 402-2170 | Representing Plaintiff |

[x]   **ECF**

Executed on November 1, 2021, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Stephen E. Abraham
Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

03 - Lobnow Decl iso 12b

PROOF OF SERVICE