UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALFIO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BARLAS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-1699-L-AHG<br><br>**ORDER ON CONVERTED MOTION FOR SUMMARY JUDGMENT (ECF 3)** |

Pending before the Court in this ADA action is a converted motion for summary judgment. (ECF 3). Plaintiff opposed, and Defendants replied. The Court decides the matter on the papers submitted and without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **denies** the motion.

### Background

Plaintiff Victor Dalfio "has had two hip replacements. He also dislocated his hip. He has difficulty walking and standing. Plaintiff uses a cane most of the time and uses a walker as needed." (ECF 1, Complaint ("Compl.") at ¶ 1). Plaintiff alleges he is a disabled person as defined under federal and state law. *Id*. Plaintiff has been issued a permanent disabled person parking placard. *Id*.

Defendants own the property at 1501 Rosecrans Street, San Diego, California. (*Id*. at ¶ 2). There is a business establishment at that property named, "Winchell's Donut House." (*Id*. at ¶ 3).

1    Plaintiff alleges he visited the property on two occasions to patronize the business. (*Id*. at 13). He "encountered barriers, both physical and intangible, that interfered with, and denied, [him] the ability to use and enjoy the goods, services, privileges, and accommodations offered at the property." (*Id*. at ¶ 15). For example, Plaintiff alleges "there was no accessible parking for disabled patrons." (*Id*. at ¶ 17).

**Discussion**

Defendants moved to dismiss Plaintiff's complaint, arguing he lacked standing, and the ADA claim was moot. The Court determined Plaintiff had standing. The Court converted the remaining motion to dismiss into a motion for summary judgment because Defendants relied on extrinsic material, and the mootness issue was intertwined with the merits of the ADA claim. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"If there is no longer a possibility that [a plaintiff] can obtain relief for [their] claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). However, the voluntary removal of the barriers only moots the ADA claim where there is no "sufficient likelihood that [the plaintiff] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

In response to the converted motion, Plaintiff submitted an expert report that demonstrates there are still ADA compliance issues at the property. Plaintiff's expert visited the property on May 11, 2022, months after Defendants purportedly corrected the barriers. Defendants dispute those findings. But Plaintiff's report is enough to show the

ADA claim is not moot. The record demonstrates there is some genuine dispute as to the alleged ADA violations. For that reason, the Court **denies** the motion.[1]

      **IT IS SO ORDERED**.

Dated: May 26, 2022

                                    Hon. M. James Lorenz
                                    United States District Judge

---

[1] This Order does not bar Defendants from filing a motion for summary judgment later in the proceedings. *See* Fed. R. Civ. P. 56.